# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

*Filed Electronically*

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY of PITTSBURGH, PA | : |
| Plaintiff, | : |
| v. | : |
| ROCKHAMPTON ENERGY, LLC | : **COMPLAINT** |
| **Serve:** CT Corporation System, Agent 306 W. Main St. Suite 512 Frankfort, Kentucky 40601 | : Civil Action No. _____ |
| Defendant. | : |

Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), by counsel, for its complaint against Rockhampton Energy, LLC ("Defendant"), states as follows.

## PARTIES

1. National Union is an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business located at 175 Water Street, 15th Floor, New York, New York, 10038.

2. Defendant is organized under the laws of Kentucky, with its principal place of business located at 10156 US Highway 25E, Pineville, Kentucky, 40977.

**JURISDICTION AND VENUE**

3.      This Court is vested with jurisdiction pursuant to 28 U.S.C. §1332 because National Union is a citizen of Pennsylvania and New York and Defendant is a citizen of Kentucky; in addition, as set forth below and incorporated herein, the amount in controversy exceeds $75,000, exclusive of costs and interest.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in this district.

**GENERAL ALLEGATIONS**

5.      On or about September 1, 2016, National Union issued to Defendant a workers' compensation and employers' liability insurance policy with policy number WC 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 (the "Policy"), for a period dating from September 1, 2016 to September 1, 2017 (the "Policy Period"). A true and correct copy of the Policy is attached as **Exhibit A.**

6.      Throughout the Policy Period, National Union provided Defendant with the insurance protection set forth in the Policy.

7.      Defendant received and accepted the insurance coverage of the Policy, which required Defendant to pay all premium due and owing. *See* **Exhibit A**.

8.      The Policy states, "All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications." *See* **Exhibit A, Part 5 (A).**

9.      The Policy further provides, "The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy.  If the final premium is more

than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you." *See* **Exhibit A, Part 5 (E).**

10. The audit section of the Policy provides for examination of Defendant's records by National Union and states that "[i]nformation developed by the audit will be used to determine the final premium." *See* **Exhibit A, Part 5 (G).**

11. At the inception of the Policy Period, National Union calculated the estimated annual premium to be $601,943 (the "Estimated Premium") pursuant to the Policy's terms and conditions and based on documents and information provided by Defendant. *See* **Exhibit A, Information Page**.

12. Defendant paid the Estimated Premium as compensation to National Union for the insurance coverage provided for in the Policy.

13. Pursuant to the terms of the Policy, the final premium determinations were made after the end of the Policy Period based upon audit of Defendant's operations and records.

14. The final audit for the Policy Period was conducted on or about November 1, 2017 (the "Audit").

15. The Audit reflected that Defendant owed premium of $1,029,518 for the Policy Period, plus taxes, assessments and surcharges of $85,844. A true and correct copy of the Audit is attached as **Exhibit B**.

16. Prior to the Audit, Defendant had paid the Estimated Premium, leaving a difference of $513,419 (the "Premium Due") due and owing to National Union.

17. On January 2, 2018, National Union mailed a Notice of Premium Due to the attention of Defendant's insurance representative providing that Defendant owed a total of $513,419 for the Policy Period. *See* Notice of Premium Due, attached as **Exhibit C.**

18. Additionally, National Union corresponded with Defendant on multiple subsequent occasions regarding payment of the Premium Due on the Policy.

19. Since completion of the Audit, Defendant has failed to remit the Premium Due; to date, the remaining total balance due from Defendant on the Policy is $513,419, plus any applicable costs, pre-judgment and post-judgment interest.

## COUNT I – BREACH OF CONTRACT

20. National Union incorporates by reference each and every allegation contained in the above paragraphs.

21. National Union issued the Policy to the Defendant.

22. The Policy issued by National Union created a valid, binding, and enforceable contract for insurance between the parties.

23. Defendant contracted for and received the benefits of coverage under the Policy; in exchange, Defendant agreed to pay the premium due.

24. National Union determined the final premium owed by Defendant after the Audit of Defendant's books and records, using the exposure and rates that applied to Defendant's covered lines of business as provided in the Policy.

25. After the Audit, National Union invoiced Defendant a total of $513,419 for the outstanding balance due on the Policy as of January 2, 2018.

26. All conditions precedent to National Union's claim for relief have been performed or waived.

27. Defendant has failed to remit the amount owed for the Policy; and the total balance due from Defendant on the Policy is $513,419, plus any applicable costs, interest and attorneys' fees.

28. As a result of Defendant's failure to pay the Premium Due, National Union has suffered actual damages in the amount of $513,419, plus any additional pre-judgment and post-judgment interest and costs.

## **COUNT II – UNJUST ENRICHMENT**

29. National Union incorporates by reference each and every allegation contained in the above paragraphs.

30. In the alternative to any claim for breach of contract, Defendant is liable to National Union under the doctrine of unjust enrichment.

31. At all relevant times, National Union conferred benefits on Defendant by providing Defendant with workers' compensation insurance.

32. At all relevant times, Defendant had knowledge of the benefits conferred by National Union.

33. Defendant voluntarily accepted, received, and retained the benefits provided by National Union.

34. Defendant was enriched by the benefits conferred by National Union.

35. Defendant did not pay National Union for the full value of the benefits received.

36. National Union asserts that the unpaid value of the insurance coverage that it provided to Defendant equals $513,419.

37. Despite receipt of this enrichment, Defendant has refused to make full payment to National Union.

38. Defendant's retention of benefits under these circumstances violates principles of justice, equity, and good conscience.

39.     Defendant's retention of the benefits provided by National Union is inequitable and unjust unless Defendant pays National Union for the value of the benefit received.

40.     As a result of Defendant's unjust enrichment, National Union is owed $513,419, plus any pre-judgment interest and post-judgment interest and costs.

**WHEREFORE**, National Union requests the following relief from Defendant:

a.  Compensatory relief in the amount of $513,419;

b.  Costs;

c.  Pre and post-judgment interest; and

d.  For any and all other relief to which this Court deems Plaintiff is entitled.

Respectfully submitted,

/s/ Michael C. Merrick
Michael C. Merrick
Kaplan Johnson Abate & Bird LLP
710 W. Main St, 4th Floor
Louisville, Kentucky 40202
Phone: (502) 242-9099
Fax: (502) 540-8282
mmerrick@kaplanjohnsonlaw.com